# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MAAG, ANTHONY BELL, WENDELL COVAL, and NICK STERNAD, individually, and on behalf of a class of similarly situated persons,<br><br>                      Plaintiffs,<br><br>v.<br><br>U.S. BANK, NATIONAL ASSOCIATION,<br><br>                      Defendant. | Case No.: 21-cv-00031-H-LL<br><br>**ORDER DENYING DEFENDANTS' PARTIAL MOTION TO DISMISS AS MOOT**<br><br>[Doc. No. 8.] |

On November 9, 2020, Plaintiff Robert Maag filed a class action complaint against Defendants U.S. Bancorp and U.S. Bank, National Association in the Superior Court for the State of California, County of San Diego. (Doc. No. 1, Notice of Removal ¶ 5.) On December 8, 2020, Plaintiff filed a first amended complaint against Defendants in state court, alleging claims for: (1) violation of the California Consumer Privacy Act, California Civil Code § 1798.150 et seq.; (2) negligence; and (3) violation of California's Unfair Competition Law, California Business & Professions Code § 17200 et seq. (Doc. No. 1-2, FAC.) On January 8, 2021, Defendants removed the action to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1441 on the basis of

jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  (Doc. No. 1, Notice of Removal ¶ 1.)

On January 15, 2021, Defendants U.S. Bancorp and U.S. Bank filed a partial motion to dismiss Plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b) for failure to state a claim.  (Doc. No. 8.)  On February 1, 2020, the Court took the motion to dismiss under submission.  (Doc. No. 13.)  On February 2, 2020, in lieu of filing an opposition to the motion to dismiss, Plaintiff filed a second amended complaint dropping U.S. Bancorp as a defendant; dropping his claim for negligence; and adding Anthony Bell, Wendell Coval, and Nick Sternad as additional plaintiffs.  (Doc. No. 14, SAC.)  See Fed. R. Civ. P. 15(a)(1)(B); see Sanford v. Motts, 258 F. 3d 1117, 1120 (9th Cir. 2001) ("Fed. R. Civ. P. 15(a) gives a plaintiff one opportunity to amend as of right.").

In light of Plaintiffs' amended pleading, the Court denies as moot Defendants' partial motion to dismiss the first amended complaint without prejudice to Defendant U.S. Bank moving to dismiss the second amended complaint.  See Ramirez v. Cty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.' . . . Consequently, the Plaintiff's Second Amended Complaint superseded the First Amended Complaint, and the First Amended Complaint ceased to exist.  Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot . . . ." (citations omitted)).  In addition, the Court dismisses Defendant U.S. Bancorp from the action.

**IT IS SO ORDERED.**

DATED: February 3, 2021

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT