Alexander Akerman (State Bar No. 280308)
**ALSTON & BIRD LLP**
333 South Hope Street
Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
Email: alex.akerman@alston.com

Kristine M. Brown (admitted *pro hac vice*)
Donald M. Houser (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: Kristy.Brown@alston.com
Email: Donald.Houser@alston.com

Attorneys for Defendant
**U.S. Bank National Association**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MAAG, individually, and on behalf of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK, NATIONAL ASSOCIATION,<br><br>Defendant. | Case No.: 3:21-cv-00031-H-LL<br>Honorable Marilyn L. Huff<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>Complaint Filed: November 9, 2020<br>Second Amended Complaint filed: February 2, 2021<br>Third Amended Complaint Filed: May 3, 2021 |

# DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED CLASS ACTION COMPLAINT

Defendant U.S. Bank National Association ("U.S. Bank") files this Answer and Affirmative Defenses in response to Plaintiff's Third Amended Class Action Complaint, ECF No. 26 ("Complaint").

## ANSWER TO COMPLAINT'S INDIVIDUALLY NUMBERED PARAGRAPHS

In response to the allegations in the enumerated Paragraphs[1] in the Complaint, U.S. Bank responds as follows:

**RESPONSE TO NO. 1.**

U.S. Bank denies the allegations in Paragraph 1 of the Complaint.

**RESPONSE TO NO. 2.**

U.S. Bank denies the allegations in Paragraph 2 of the Complaint.

**RESPONSE TO NO. 3.**

U.S. Bank denies the allegations in Paragraph 3 of the Complaint.

**RESPONSE TO NO. 4.**

U.S. Bank admits that Plaintiff purports to bring this action as a putative class action but denies that Plaintiff can satisfy the requirements for class certification, including the requirements of Federal Rule of Civil Procedure 23. U.S. Bank denies all remaining allegations in Paragraph 4 of the Complaint.

**RESPONSE TO NO. 5.**

U.S. Bank denies the allegations in Paragraph 5 of the Complaint.

**RESPONSE TO NO. 6.**

U.S. Bank admits that Plaintiff is a citizen of California and is a U.S. Bank customer

---

[1] U.S. Bank denies any and all allegations in the Complaint to the extent that they do not appear in one of the Complaint's specifically enumerated paragraphs, including without limitation any allegations in the introductory paragraph preceding the heading entitled "Nature of the Action" and Plaintiff's request for relief in the heading entitled "Prayer for Relief."

but denies all remaining allegations in Paragraph 6 of the Complaint.

**RESPONSE TO NO. 7.**

U.S. Bank admits that personal jurisdiction over U.S. Bank exists in this action. Except as expressly admitted herein, U.S. Bank denies the allegations in Paragraph 7 of the Complaint.

**RESPONSE TO NO. 8.**

U.S. Bank admits that venue properly lies in this Court. Except as expressly admitted herein, U.S. Bank denies the allegations in Paragraph 8.

**RESPONSE TO NO. 9.**

U.S. Bank admits that Plaintiff purports to bring this lawsuit as a putative class action and that, based on Plaintiff's allegations, subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1332(d). U.S. Bank denies that Plaintiff can satisfy the requirements for class certification, including the requirements of Federal Rule of Civil Procedure 23. Except as expressly admitted herein, U.S. Bank denies the allegations in Paragraph 9 of the Complaint.

**RESPONSE TO NO. 10.**

U.S. Bank denies the allegations in Paragraph 10 of the Complaint.

**RESPONSE TO NO. 11.**

U.S. Bank admits that its annual gross revenues exceed twenty-five million dollars ($25,000,000). Except as expressly admitted herein, U.S. Bank denies the allegations in Paragraph 11 of the Complaint.

**RESPONSE TO NO. 12.**

U.S. Bank admits that it sent a notification to certain individuals notifying them that a "computer server containing your information was physically stolen from one of our corporate offices." To the extent that the allegations in the first sentence of Paragraph 12 of the Complaint merely purport to quote or describe U.S. Bank's notice, U.S. Bank states that the notice is the best source of its full content and context and, to the extent that the allegations in the first sentence of Paragraph 12 do not accurately quote or represent the

notice's full content and context, U.S. Bank denies the allegations in the first sentence of Paragraph 12 of the Complaint.  U.S. Bank denies the allegations in the second and third sentences of Paragraph 12 of the Complaint.  Except as expressly admitted herein, U.S. Bank denies the allegations in Paragraph 12 of the Complaint.

**RESPONSE TO NO. 13.**

U.S. Bank denies the allegations in Paragraph 13 of the Complaint.

**RESPONSE TO NO. 14.**

U.S. Bank denies the allegations in Paragraph 14 of the Complaint.

**RESPONSE TO NO. 15.**

U.S. Bank denies the allegations in Paragraph 15 of the Complaint.

**RESPONSE TO NO. 16.**

U.S. Bank denies the allegations in Paragraph 16 of the Complaint.

**RESPONSE TO NO. 17.**

U.S. Bank denies the allegations in Paragraph 17 of the Complaint.

**RESPONSE TO NO. 18.**

U.S. Bank denies the allegations in Paragraph 18 of the Complaint.

**RESPONSE TO NO. 19.**

U.S. Bank denies the allegations in Paragraph 19 of the Complaint.

**RESPONSE TO NO. 20.**

The allegations in the first sentence of Paragraph 20 are vague and ambiguous, especially to the extent they refer to generic "large data breaches."  U.S. Bank therefore lacks knowledge or information sufficient to form an opinion as to the truth of the allegations in the first sentence of Paragraph 20 of the Complaint and, on that basis, denies the allegations in the first sentence of Paragraph 20 of the Complaint.  U.S. Bank denies the allegations in the second sentence of Paragraph 20 of the Complaint and all remaining allegations in Paragraph 20.

**RESPONSE TO NO. 21.**

The allegations in the first sentence of Paragraph 21 are vague and ambiguous,

especially to the extent they refer to unidentified "[s]tate and federal agency guidelines." U.S. Bank therefore lacks knowledge or information sufficient to form an opinion as to the truth of the allegations in the first sentence of Paragraph 21 of the Complaint and, on that basis, denies the allegations in the first sentence of Paragraph 21 of the Complaint. U.S. Bank denies the allegations in the second sentence of Paragraph 21 of the Complaint and all remaining allegations in Paragraph 21.

**RESPONSE TO NO. 22.**

U.S. Bank denies the allegations in Paragraph 22 of the Complaint.

**RESPONSE TO NO. 23.**

U.S. Bank denies the allegations in the heading immediately preceding Paragraph 23 of the Complaint. Because the allegations in Paragraph 23 merely purport to summarize, describe, and quote the California Consumer Privacy Act ("CCPA"), U.S. Bank states that the CCPA speaks for itself and, to the extent the allegations in Paragraph 23 do not summarize, describe, or quote the CCPA accurately, U.S. Bank denies the allegations in Paragraph 23.

**RESPONSE TO NO. 24.**

Because the use of the term "endows" as used in Paragraph 24 of the Complaint is vague and ambiguous, U.S. Bank lacks knowledge or information sufficient to form an opinion as to the truth of the allegations in Paragraph 25 of the Complaint and, on that basis, denies the allegations in Paragraph 25 of the Complaint.

**RESPONSE TO NO. 25.**

Because the allegations in Paragraph 25 merely purport to summarize, describe, and quote the notice U.S. Bank sent to certain individuals, U.S. Bank states that the notice speaks for itself and, to the extent the allegations in Paragraph 25 do not summarize, describe, or quote the notice accurately, U.S. Bank denies the allegations in Paragraph 25.

**RESPONSE TO NO. 26.**

U.S. Bank denies the heading immediately preceding Paragraph 26 of the Complaint. U.S. Bank lacks knowledge or information sufficient to form an opinion as to the truth of

the allegations in Paragraph 26 of the Complaint, including the allegations in the heading immediately preceding Paragraph 26 of the Complaint and, on that basis, denies the allegations in Paragraph 26 of the Complaint.

**RESPONSE TO NO. 27.**

U.S. Bank lacks knowledge or information sufficient to form an opinion as to the truth of the allegations in Paragraph 27 of the Complaint and, on that basis, denies the allegations in Paragraph 27 of the Complaint.

**RESPONSE TO NO. 28.**

U.S. Bank lacks knowledge or information sufficient to form an opinion as to the truth of the allegations in Paragraph 28 of the Complaint and, on that basis, denies the allegations in Paragraph 28 of the Complaint.

**RESPONSE TO NO. 29.**

U.S. Bank lacks knowledge or information sufficient to form an opinion as to the truth of the allegations in Paragraph 29 of the Complaint (including footnote 2) and, on that basis, denies the allegations in Paragraph 29 of the Complaint.

**RESPONSE TO NO. 30.**

U.S. Bank lacks knowledge or information sufficient to form an opinion as to the truth of the allegations in Paragraph 30 of the Complaint (including footnote 3) and, on that basis, denies the allegations in Paragraph 30 of the Complaint.

**RESPONSE TO NO. 31.**

U.S. Bank lacks knowledge or information sufficient to form an opinion as to the truth of the allegations in Paragraph 31 of the Complaint and, on that basis, denies the allegations in Paragraph 31 of the Complaint.

**RESPONSE TO NO. 32.**

U.S. Bank denies the allegations in the heading immediately preceding Paragraph 32 of the Complaint.  U.S. Bank lacks knowledge or information sufficient to form an opinion as to the truth of the allegations in Paragraph 32 of the Complaint and, on that basis, denies the allegations in Paragraph 32 of the Complaint.

**RESPONSE TO NO. 33.**

U.S. Bank lacks knowledge or information sufficient to form an opinion as to the truth of the allegations in Paragraph 33 of the Complaint (including footnote 4) and, on that basis, denies the allegations in Paragraph 33 of the Complaint.

**RESPONSE TO NO. 34.**

U.S. Bank denies the allegations in the heading immediately preceding Paragraph 34 of the Complaint. U.S. Bank denies the allegations in Paragraph 34 of the Complaint.

**RESPONSE TO NO. 35.**

U.S. Bank denies the allegations in Paragraph 35 of the Complaint, including all subparts thereto.

**RESPONSE TO NO. 36.**

U.S. Bank denies the allegations in the heading immediately preceding Paragraph 36 of the Complaint. U.S. Bank admits that Plaintiff purports to bring this action on behalf of himself and the putative class described in Paragraph 36, but U.S. Bank denies that Plaintiff can satisfy the requirements for class certification, including the requirements of Federal Rule of Civil Procedure 23. U.S. Bank denies all remaining allegations in Paragraph 36 of the Complaint.

**RESPONSE TO NO. 37.**

U.S. Bank admits that it sent more than 5,000 California residents letters notifying them that certain of their information was located on the server that was stolen from a U.S. Bank corporate office on July 30, 2020. Except as expressly admitted herein, U.S. Bank denies the allegations of Paragraph 37 of the Complaint.

**RESPONSE TO NO. 38.**

U.S. Bank denies the allegations in Paragraph 38 of the Complaint, including all subparts thereto.

**RESPONSE TO NO. 39.**

U.S. Bank denies the allegations in Paragraph 39 of the Complaint.

//

1  **RESPONSE TO NO. 40.**
2  U.S. Bank denies the allegations in Paragraph 40 of the Complaint.
3  **RESPONSE TO NO. 41.**
4  U.S. Bank denies the allegations in Paragraph 41 of the Complaint.
5  **RESPONSE TO NO. 42.**
6  U.S. Bank denies the allegations in Paragraph 42 of the Complaint.
7  **RESPONSE TO NO. 43.**
8  U.S. Bank denies the allegations in Paragraph 43 of the Complaint, including all
9  subparts thereto.
10 **RESPONSE TO NO. 44.**
11 U.S. Bank denies the allegations in Paragraph 44 of the Complaint.
12 **RESPONSE TO NO. 45.**
13 U.S. Bank denies the allegations in the heading immediately preceding Paragraph
14 45 of the Complaint.  U.S. Bank incorporates and restates its responses to the foregoing
15 Paragraphs as though repeated here.
16 **RESPONSE TO NO. 46.**
17 Because the allegations in Paragraph 46 of the Complaint merely purport to
18 summarize and quote the CCPA, U.S. Bank states that the CCPA speaks for itself and, to
19 the extent the allegations in Paragraph 46 of the Complaint do not summarize or quote the
20 CCPA accurately, U.S. Bank denies the allegations in Paragraph 46 of the Complaint.
21 **RESPONSE TO NO. 47.**
22 U.S. Bank denies the allegations in Paragraph 47 of the Complaint.
23 **RESPONSE TO NO. 48.**
24 U.S. Bank denies the allegations in Paragraph 48 of the Complaint.
25 **RESPONSE TO NO. 49.**
26 U.S. Bank denies the allegations in Paragraph 49 of the Complaint.
27 **RESPONSE TO NO. 50.**
28 U.S. Bank denies the allegations in Paragraph 50 of the Complaint.

**RESPONSE TO NO. 51.**

U.S. Bank denies the allegations in Paragraph 51 of the Complaint.

**RESPONSE TO NO. 52.**

U.S. Bank admits that Plaintiff purports to seek the damages and relief set forth in Paragraph 52, but U.S. Bank denies that Plaintiff or any member of the putative class is entitled to any relief, including without limitation the relief identified in Paragraph 52 of the Complaint. U.S. Bank also denies that Plaintiff can satisfy the requirements for class certification, including the requirements of Federal Rule of Civil Procedure 23. U.S. Bank denies all remaining allegations in Paragraph 52 of the Complaint.

**RESPONSE TO NO. 53.**

U.S. Bank admits that Plaintiff sent U.S. Bank a letter dated October 16, 2020 purporting to provide notice under the CCPA. U.S. Bank admits that it did not respond to the letter. Except as expressly admitted herein, U.S. Bank denies the allegations in Paragraph 53 of the Complaint, including without limitation Plaintiff's allegation that U.S. Bank violated the CCPA and that Plaintiff provided the requisite notice under the CCPA.

Wherefore, U.S. Bank denies that there is any legal or factual basis for any of the relief Plaintiff or the putative class members seek to recover in the Complaint's "Prayer for Relief," including without limitation in subparts (A) through (H) thereto.

To the extent not expressly admitted above, U.S. Bank denies each and every allegation in the Complaint and denies that Plaintiff and the putative class are entitled to any judgement or any other relief whether or not expressly requested.

## **AFFIRMATIVE DEFENSES**

U.S. Bank asserts the following affirmative defenses without admitting or acknowledging that U.S. Bank bears the burden of proof as to any of them:

//
//

### First Affirmative Defense

(Intervening Third-Party Criminal Conduct)

Any alleged injury, harm, or damages incurred by Plaintiff and/or the putative class were caused by intervening third-party criminal conduct for which U.S. Bank is not responsible.

### Second Affirmative Defense

(Lack of Proximate Cause)

Plaintiff and putative class members' claims are barred because they cannot establish that any alleged injury, harm, or damages were proximately caused by an alleged act or omission of U.S. Bank.

### Third Affirmative Defense

(Mandatory Arbitration)

Putative class members agreed to arbitrate on an individual basis the claims in the Complaint.

### Fourth Affirmative Defense

(Failure to Mitigate)

Plaintiff and putative class members' claims are barred to the extent that they failed to mitigate damages.

### Fifth Affirmative Defense

(Statute of Limitations)

Plaintiff and putative class members' claims are barred by the applicable statutes of limitation.

### RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES

Additional facts that are currently unknown to U.S. Bank may be revealed through the course of discovery and further investigation that will support additional defenses. U.S. Bank reserves the right to assert such affirmative defenses in the future.

//
//

# PRAYER FOR RELIEF

WHEREFORE, U.S. Bank prays as follows:

1. That Plaintiff takes nothing by way of his Complaint.
2. That the entire Complaint be dismissed with prejudice.
3. That U.S. Bank recover its costs and reasonable attorneys' fees incurred in this action; and
4. That U.S. Bank be awarded such other and further relief as the Court deems just and proper.

DATED:  May 17, 2021            Respectfully submitted,

**ALSTON & BIRD LLP**
/s/ Alexander Akerman
ALEXANDER AKERMAN
**Attorney for Defendant U.S. Bank National Association**

# CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2021, I electronically filed the **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT** with the Clerk of the Court for the United States District Court, Southern District of California by using the Court's CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the Court's CM/ECF system.

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct.

Executed on the 17th day of May, 2021, at Los Angeles, California.

      /s/ Alexander Akerman
      ALEXANDER AKERMAN