UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MAAG, individually, and on behalf of a class of similarly situated persons,<br><br>         Plaintiff,<br><br>v.<br><br>U.S. BANK, NATIONAL ASSOCIATION,<br><br>         Defendant. | Case No.: 21-cv-00031-H-LL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>[Doc. No. 36.] |

  On November 9, 2020, Plaintiff Robert Maag filed a putative class action against Defendant U.S. Bank, National Association in the Superior Court of California, County of San Diego. (Doc. No. 1, Notice of Removal ¶ 5.) On January 8, 2021, Defendant U.S. Bank, National Association removed the action from state court to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1441 on the basis of jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). (Id. ¶ 1.) In the operative complaint, the third amended complaint, Plaintiff Maag alleges against Defendant U.S. Bank a single claim for violation of the California Consumer Privacy Act ("CCPA"), California Civil Code § 1798.150 *et seq*. (Doc. No. 51, TAC ¶¶ 45-53.)

On September 14, 2021, Plaintiff filed a motion to remand the action to state court, arguing that the Court lacks subject matter jurisdiction over the action. (Doc. No. 36.) Specifically, Plaintiff argues that the Court lacks subject matter jurisdiction because he lacks Article III standing as to his CCPA claim, and there is no jurisdiction under CAFA. (Id. at 10-25.)  On October 21, 2021, Defendant U.S. Bank filed a response stating that it does not oppose Plaintiff's motion to remand. (Doc. No. 49.)  As such, the Court grants Plaintiff's motion to remand.  The Court remands the action to the Superior Court of California, County of San Diego for lack of subject-matter jurisdiction.  The Clerk is directed to close the case.

**IT IS SO ORDERED.**

DATED: October 25, 2021

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT